[No. F007994. Fifth Dist. Apr. 5, 1988.]

BRAD M. MARTIN et al., Plaintiffs and Appellants, v.
HOLIDAY INNS, INC., Defendant and Respondent.

COUNSEL

Scott Brandon Leonard for Plaintiffs and Appellants.

Randall L. Harr and Borton, Petrini & Conron for Defendant and Respondent.

OPINION

ARDAIZ, J.—

### Procedural and Factual History

On July 16, 1983, appellants registered at a Holiday Inn in Bakersfield. They were driving a 1979 Ford Bronco and pulling a 24-foot Ford U-Haul trailer containing "all their personal and worldly possessions." After registering at the hotel, appellants were told by hotel management to park their

vehicle and trailer in a space designated by employees of respondent. At the time they were told to park these vehicles in the designated spaces, appellants also were informed that security guards were employed to safeguard the property of the guests. That night both the Ford Bronco and the U-haul trailer were stolen. Appellants alleged respondent "negligently, carelessly, wantonly, and recklessly controlled, managed, maintained and secured said premises in the parking area adjacent thereto, in such a manner that [appellants'] 1979 Ford Bronco automobile and the 1974 Ford . . . U-Haul trailer containing their personal possessions were stolen from said premises."

Appellants maintain respondent owed a duty of care to inform them of a rash of similar thefts in the area and breached that duty when they instructed them to park the vehicles in the designated spaces without warning.

On July 5, 1984, a complaint was filed on behalf of appellants alleging they suffered damage and loss of property as a result of respondent's negligence. On August 18, 1986, a motion for summary judgment was filed by respondent contending the complaint was barred by the statute of limitations as set forth in Code of Civil Procedure section 341a.[1] Appellants filed an opposition to this motion on September 23, 1986, arguing section 341a was not applicable to the cause of action brought on the complaint. A motion for summary judgment was granted on September 29, 1986. The complaint was dismissed and respondent was awarded costs. Judgment was entered on October 17, 1986, and a timely notice of appeal was filed.

*Is the Statute of Limitations Expressed in Section 341a a Bar to the Cause of Action in the Instant Case?*

The statute we are called upon to review has managed in its some 60 years of existence to generate only one note of passing interest[2] until it was plucked from its dusty archive to become the focal point of this action.

Section 341a provides: "All civil actions for the recovery or conversion of *personal property, wearing apparel, trunks, valises or baggage* alleged to have been left at a hotel, hospital, rest home, sanitarium, boarding house, lodging house, furnished apartment house, or furnished bungalow court, shall be begun within 90 days from and after the date of the departure of the owner of said personal property, wearing apparel, trunks, valises or baggage from said hotel, hospital, rest home, sanitarium, boarding house, lodging house,

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] *Pawn* v. *Wall* (1928) 88 Cal.App. 597 [264 P. 268] held that an action by plaintiff seeking to recover her trunk or the value thereof was barred by section 341a.

furnished apartment house, or furnished bungalow court." (§ 341a, added by Stats. 1921, amended by Stats. 1927, italics added.)

■ Respondent contends most vigorously that appellants' 1979 Ford Bronco and 1974 Ford U-Haul trailer fall within the term "personal property" as provided by section 341a. Apparently, it is respondent's contention that a truck and trailer are of a nature equivalent to and within the class of "wearing apparel, trunks, valises or baggage." For the reasons set forth herein, we find that there is not only a visual distinction but a legal one. Unfortunately, much of the authority for our interpretation is older than the statute we address, as is the maxim of law that gives rise to our conclusion.

In the provisions of the Civil Code setting forth the maxims of jurisprudence can be found the following statement: "Particular expressions qualify those which are general." (Civ. Code, § 3534 (enacted 1872).)

■ The legal maxim contained in Civil Code section 3534 is a statutory expression of the rule of construction: *ejusdem generis*—of the same kind, class or nature. (*In re Marquez* (1935) 3 Cal.2d 625, 629 [45 P.2d 342].) *Ejusdem generis* is illustrative of the more general legal maxim *noscitur a sociis*—it is known from its associates. In other words, the meaning of a word is or may be known from the accompanying words. (Black's Law Dict. (4th ed. 1968) p. 1209.)

" '. . . where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated. The particular words are presumed to describe certain species, and the general words to be used for the purpose of including other species of the same genus. The rule is based on the obvious reason that if the legislature had intended the general words to be used in their unrestricted sense they would have made no mention of the particular classes. The words "other" or "any other," following an enumeration of particular classes, are therefore to be read as "other such like," and to include only others of like kind or character.' " (*People* v. *McKean* (1925) 76 Cal.App. 114, 119 [243 P. 898].)

In those instances where the opposite sequence occurs, i.e., where specific words follow general words, the doctrine of *ejusdem generis* is equally applicable and application of the general term is restricted to those things that are similar to those which are enumerated specifically. (2A Sutherland, Statutory Construction (4th ed. 1984) Intrinsic Aids, § 47.17, p. 166.) ■ Therefore, in the instant case, the rules of statutory construction compel the conclusion that the term "personal property" as used in section

341a is restricted to things of a nature similar to or consistent with "wearing apparel, trunks, valises," etc. From this foundational base, we feel constrained to note that the property in question does not fall within the nature of the items included in the statute as we have defined it.[3]

Because the court below based its ruling upon the applicability of section 341a, the order granting the motion for summary judgment is reversed.[4] Costs are awarded to appellants.

Martin, Acting P. J., and Best, J., concurred.

---

[3] For the sake of future generations who may be called upon in another 60 years to interpret this statute, we wish to explain that a Ford Bronco is an enclosed truck-like vehicle.

[4] Since we have determined that the statute is not applicable to the instant action, we find it unnecessary to address respondent's other contention that "all civil actions for the recovery or conversion of personal property" as provided by section 341a also encompasses negligence actions.