[No. D035265. Fourth Dist., Div. One. July 27, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK GORDON, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II and III.

**COUNSEL**

Gisela Caldwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Raquel M. Gonzalez and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**McINTYRE, J.**—Mark Gordon was convicted of burglary of a vehicle and possession of burglar's tools. Gordon appeals, contending (1) his conviction for possession of burglar's tools must be reversed because ceramic pieces of a spark plug are not burglar's tools within the meaning of Penal Code section 466 (all statutory references are to the Penal Code); (2) his conviction for possession of burglar's tools must be reversed because the jury was misinstructed on the requisite intent; (3) his convictions for both offenses must be reversed because the jury was instructed with CALJIC No. 17.41.1, which effectively denied his Sixth Amendment right to a jury trial; and (4) his convictions for both offenses must be reversed because the jury was instructed with CALJIC No. 2.90, which undermined the presumption of innocence and lessened the prosecution's burden of proof.

In the published portion of this opinion, we address Gordon's first contention, and conclude that possession of ceramic spark plug pieces is not an offense under section 466. Thus, we reverse Gordon's conviction for possession of burglar's tools, which renders his second contention moot. In the unpublished portion of this opinion, we address and reject Gordon's third and fourth contentions. Accordingly, we affirm the judgment in all other respects.

### FACTS

On February 25, 1999, Frank Perez discovered Gordon pulling a car stereo speaker out of Perez's Ford Escort. Gordon put the speaker into a gray car parked next to the Escort, and Perez confronted him and demanded back his property. Gordon complied, taking the speaker, an amplifier, two containers of CD's, and a box holding Perez's wedding ring out of the gray car and setting them on the pavement. Then Gordon quickly drove away. Perez noted that the rear passenger window of his car had been shattered into pieces of about three-quarters of an inch to an inch in size.

On April 7, 1999, San Diego Police Sergeant Ann-Marie Hiskes saw Gordon standing by a Volvo that had no license plates and talking to two other men who were inside the car. Hiskes got out of her patrol car and determined that the men were either removing or installing a stereo. Hiskes called a backup officer and then spoke with and searched Gordon. In searching him, she found two small pieces of porcelain from a spark plug in his pants pocket. At trial, San Diego Police Detective James Stewart testified that pieces of ceramic spark plugs are used by thieves to throw at car windows and shatter them, because the spark plug pieces make very little sound in doing so.

DISCUSSION

I

*Ceramic Pieces of a Spark Plug Do Not
Qualify as Burglar's Tools Under Section 466*

█ Gordon contends his conviction for possession of burglar's tools must be reversed because possession of ceramic spark plug pieces is not an offense under section 466. We agree.

Section 466 provides in pertinent part: "Every person having upon him or her in his or her possession a picklock, crow, keybit, crowbar, screwdriver, vice grip pliers, water-pump pliers, slidehammer, slim jim, tension bar, lock pick gun, tubular lock pick, floor-safe door puller, master key, or other instrument or tool with intent feloniously to break or enter into any building, railroad car, aircraft, or vessel, or trailer coach, or vehicle as defined in the Vehicle Code . . . is guilty of a misdemeanor. . . ."

Ceramic pieces from a spark plug are not specifically listed in section 466; thus, the issue is whether they come under the meaning of "other instrument or tool" as used in the section. In making this determination we are guided by the rule of construction known as *ejusdem generis*—which applies when general terms follow a list of specific items or categories, or vice versa. (*Kraus v. Trinity Management Services, Inc.* (2000) 23 Cal.4th 116, 141 [96 Cal.Rptr.2d 485, 999 P.2d 718].) Under this rule, application of the general term is " 'restricted to those things that are similar to those which are enumerated specifically.' " (*Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1160, fn. 7 [278 Cal.Rptr. 614, 805 P.2d 873], quoting *Martin v. Holiday Inns, Inc.* (1988) 199 Cal.App.3d 1434, 1437 [245 Cal.Rptr. 717]; see also *Kraus v. Trinity Management Services, Inc., supra,* 23 Cal.4th at p. 141.) Moreover, "[i]n construing criminal statutes, the *ejusdem generis* rule of construction is applied with stringency. [Citation.]" (*People v. Thomas* (1945) 25 Cal.2d 880, 899 [156 P.2d 7].) Thus, the meaning of the words "or other instrument or tool" in section 466 is restricted to a form of device similar to those expressly set forth in the statute. (*Cook v. Superior Court* (1970) 4 Cal.App.3d 822, 828 [84 Cal.Rptr. 664].)

The items specifically listed as burglar's tools in section 466 are keys or key replacements, or tools that can be used to pry open doors, pick locks, or pull locks up or out. None of the devices enumerated are those whose function would be to break or cut glass—e.g., rocks, bricks, hammers or glass cutters, and none of the devices listed resembles ceramic spark plug

pieces that can be thrown at a car window to break it. Nevertheless, the People liken a ceramic spark plug piece to a "shaved" key because both provide for quiet breaking and entering, and argue that a spark plug piece is an "other instrument or tool" which satisfies the statutory definition in section 466 because "it operates as effectively in breaking into a vehicle as unlocking the vehicle door with a metal tool . . . ." However, the test is not whether a device can accomplish the same general purpose as the tools enumerated in section 466; rather, the device itself must be *similar* to those specifically mentioned. Here, a ceramic piece of a spark plug that can be thrown at a car window is not similar to the burglar's tools listed in the statute. (See *Cook v. Superior Court, supra,* 4 Cal.App.3d at pp. 828-829 [where the statute prohibited possession of a revolver, pistol, fountain pen gun, billy, riot gun or " 'other form of device . . . intended for the projection or release of tear gas,' " it did not apply to a mace/tear gas canister because this device was not similar to the enumerated items].) Accordingly, Gordon's conviction for possession of burglar's tools under section 466 cannot stand. (*Cook*, at pp. 828-829.)

## II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

Gordon's conviction for possession of burglar's tools in count 2 is reversed. The judgment is affirmed in all other respects.

Kremer, P. J., and Haller, J., concurred.

The petitions of both appellant and respondent for review by the Supreme Court were denied October 31, 2001. Brown, J., was of the opinion that the petitions should be granted.

---

*See footnote 1, *ante*, page 1409.