BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE BOB MARGETT, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
May a city or county assess a fee in an amount that exceeds the fee amount charged by the Department of Transportation for the issuance of a permit authorizing the movement of a vehicle or load of a size or weight exceeding the maximum specified in the Vehicle Code?
 CONCLUSION
A city or county may not assess a fee in an amount that exceeds the fee amount charged by the Department of Transportation for the issuance of a permit authorizing the movement of a vehicle or load of a size or weight exceeding the maximum specified in the Vehicle Code; however, a city or county may assess a separate charge for the performance of special services necessitated by an unusually large or heavy load.
 ANALYSIS
The Legislature has enacted a comprehensive statutory scheme (Veh. Code, §§ 35780-35796)[1] authorizing the California Department of Transportation ("Department") and "local authorities"[2] to issue special permits "[t]o operate or move a vehicle or combination of vehicles or special mobile equipment of a size or weight of vehicle or load exceeding the maximum specified in this code" (§ 35780, sub. (a)(1)). The permit is issued at the discretion of the Department, or the local authority, upon application and if good cause appears. (§ 35780 Veh., subd. (a).) Local authorities are required to use the application and permit forms developed by the Department. (§ 35781 Veh..)[3] A permit may be issued subject to limitations or conditions on the operation of the vehicle. (§ 35782 Veh..)[4]
The question presented for resolution concerns whether a city or county may charge more for a special permit than the amount the Department charges for a permit. We conclude that it may not, but an additional charge may be imposed for "special services."
The focus of our inquiry is upon section 35795, which permits the Department and local authorities to charge a fee for the issuance of a permit. Section 35795 states:
 "(a) The Department of Transportation may charge a fee for the issuance of permits pursuant to this article.
 "The fee established by the Department of Transportation pursuant to this section shall be established by a regulation . . . and shall be calculated to produce a total estimated revenue that is not more than the estimated total cost to that department for administering this article. Special services necessitated by unusually large or heavy loads requiring engineering investigations, or other services, may be billed separately for each permit.
". . . . . . . . . . . . . . . . . . . . . . . . .
 "(b) Local authorities may charge a fee for the issuance of permits pursuant to this article. However, the fee established by a local authority pursuant to this section shall be established by ordinance or resolution adopted after notice and hearing. The fee shall be calculated to produce a total estimated revenue that is not more than the estimated total cost incurred by the local authority in administering its authority under this article and shall not exceed the fee developed by the Department of Transportation pursuant to subdivision (a). The fee for the issuance of permits shall be developed in consultation with representatives of local government and the commercial trucking industry. . . . The hearing shall be held before the legislative body of the local authority. All objections shall be considered and interested parties shall be afforded an adequate opportunity to be heard in respect to their objections. Special services necessitated by unusually large or heavy loads requiring engineering investigations, escorts, tree trimming, or other services shall be billed separately for each permit.
". . . . . . . . . . . . . . . . . . . . . . . . .
Accordingly, section 35795, subdivision (b), authorizes a local authority to charge a special permit fee that "does not exceed the fee developed by the Department of Transportation pursuant to subdivision (a)."
Currently, the Department charges $16 for a single trip permit and $90 for an annual permit. California Code of Regulations, title 21, section 1411.3 provides:
"(a) The permit fees shall be as follows:
"Single trip permit or rider . . . .. . . . . . . . . . . . .$ 16.00 "Annual permit . . . . . . .. . . . . . . . . . . . . . . . .$ 90.00
 "(b) In addition, a special service charge of $50.00 per hour will be imposed on the permittee for each hour expended directly on engineering investigations, routing definition, coordination, and control of permit movement for each individual load which meets any one of three following criteria:
"(1) Loads in excess of 14 feet wide.
"(2) Loads in excess of 135 feet in overall length.
"(3) Loads that are of a weight that require:
 "(A) More than a 13-axle, single-vehicle width hauling combination, or
 "(B) A 13-axle, single-vehicle width handling hauling combination with a load deck where the inner axles in the groups bordering the loan dock are 40 feet or more apart, or
 "(C) Two or more side-by-side vehicles with a combined width of 14 feet or more supporting the load.
 "(c) The total hours charged will be a summation of the time expended by:
 "(1) Sacramento Headquarters Office of Permits to review load reducibility and potential for safe movement;
 "(2) Sacramento Headquarters Office of Structures to examine the individual bridges to be crossed for capacity adequate to sustain the load;
 "(3) District Permit Offices to define specific routing with operational conditions and to coordinate movement with the California Highway Patrol and adjacent states, cities and counties, and
 "(4) District Maintenance and Traffic Personnel to implement lane closures, traffic control support, temporary movement of signs or traffic signal mast arms or other actions essential to specific load movement. Although it is not standard practice, if it is determined for safety reasons that traffic operational personnel must accompany the load for the entire trip, those charges would be imposed on the permittee.
 "(d) Where engineering investigations, route definition, and coordination apply to a request involving more than one identical load, those hours will be charged only for the first load. Other actions required for each of the additional load movements, such as sign removal and replacement, will be charged separately, based on the hours expended for those additional actions. The summation of charges will be rounded up/or down to the nearest whole hour.
 "(e) The charge per permit issued for repetitive loads of ten or more trips will be the same amount as is charged for the annual permit. To qualify as a repetitive load, the commodity must be of the same size and description, with evidence presented with the application of the anticipated number of loads and an estimate of the anticipated total time involved in the shipment. This type of permit shall also be limited to travel from the specified point of origin to the destination, i.e., restricted haul from point A to point B only. No charge shall be made to renew, within a 12-month period, a permit to haul a single saw log.
 "(f) The specific fee to be charged shall be determined by a review at the beginning of each fiscal year by the Department to ensure that the income derived from such fees does not exceed the cost of administration."
In analyzing the language of section 33795, we may apply well established principles of statutory construction. "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.]" (Freedom Newspapers, Inc. v.Orange County Employees Retirement System (1993) 6 Cal.4th 821,826. "In determining intent, we look first to the language of the statute, giving effect to its `plain meaning.'" (Kimmel v.Goland (1990) 51 Cal.3d 202, 208-209.) "[W]hen statutory language is . . . clear and unambiguous there is no need for construction. . . ." (Rojo v. Kliger (1990) 52 Cal.3d 65, 73.) To the extent that there is ambiguity in the statutory language, committee reports may be useful in determining the Legislature's intent. (California Teachers Assn. v. Governing Board of RialtoUnified School Dist. (1997) 14 Cal.4th 627, 646.) "`Statements in legislative committee reports concerning the statutory purposes which are in accordance with a reasonable interpretation of the statute will be followed by the courts.'" (O'Brien v.Dudenhoeffer (1993) 16 Cal.App.4th 327, 334; see Dyna-Med, Inc.v. Fair Employment Housing Com. (1987) 43 Cal.3d 1379, 1387.)
Section 35795 limits the amount of a permit fee charged by a local authority in two ways. First, the fee must be calculated to produce a total estimated revenue that is not more than the estimated total cost incurred by the local authority in administering its permit authority. Second, the fee may not exceed the fee amount set by the Department. As to these limitations in the statute, we find no ambiguity.
A separate charge, however, may be imposed upon a permit holder as set forth in section 35795, subdivision (b): "Special services necessitated by unusually large or heavy loads requiring engineering investigations, escorts, tree trimming, or other services shall be billed separately for each permit." These special services must be determined on a case by case basis, given the many variables that might affect the movement of unusually large or heavy loads.
The examples specified in subdivision (b) of section 35795 of "engineering investigations," "escorts," and "tree trimming" help define and limit the types of special services for which a local agency may impose a separate charge. We view these examples as illustrative of the "other services" that may be reimbursable under the statute. (See Civ. Code, § 3534 ["Particular expressions qualify those which are general"]; Harris v. CapitalGrowth Investors XIV (1991) 52 Cal.3d 1142, 1159-1160; Lawrencev. Walzer Gabrielson (1989) 207 Cal.App.3d 1501, 1506 ["`where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated'"]; Martin v. Holiday Inns, Inc.
(1988) 199 Cal.App.3d 1434, 1437.) And, of course, a local authority may only impose an extra charge for services that are actually rendered, that directly result from the "unusually large or heavy load" of the particular permit holder, and that are not duplicative; a local authority may not charge more than once for the same service. (See Cal. Code Regs., tit. 21, § 1411.3, subds. (b), (c), (d), (e).)
While the permit "fee" a local authority may charge is limited in amount to that charged by the Department, the "special services" that are "billed separately" are not so limited. The "fee" developed by the Department pursuant to subdivision (a) of section 35795 is described therein as "calculated to produce a total estimated revenue that is not more than the estimated total cost to that department for administering this article." The charge for special services, on the other hand, has a different purpose and method of calculation. It cannot be set at a particular amount by the Department, but must vary, depending upon the nature and extent of the services performed.
Our view of a city's or county's permit fee authority is reflected in the legislative history of section 35795. Subdivision (b), authorizing a local authority to charge a fee for the issuance of a permit, was added in 1979. (Stats. 1979, ch. 883, § 1.) The proposed legislation was described at the time in an analysis prepared by the Senate Transportation Committee in part as follows:
 "This bill would provide that local authorities may charge a fee for the issuance of permits. The fee schedule could be adopted only after public notice and hearing. This bill further provides that fees may not exceed the cost of administering the permit and providing the special services necessitated by the special loads or vehicles.
 "Proponents of this bill claim that some communities have set fees arbitrarily. They claim that some fees have risen out of proportion to the costs of administering the permit and providing services." (Sen. Transportation Com., Analysis of Assem. Bill No. 858 (1979-1980 Reg. Sess.) as amended May 22, 1979.)
In 1996, section 35795 was amended (Stats. 1996, ch. 464, § 2), requiring the Department to develop standard permit forms and requiring local authorities to limit their fees so that the total estimated revenue was not more than the estimated total cost of issuing the permits. A report prepared by the Assembly Committee on Transportation describing the proposed legislation stated in part:
 "Permittees whose routes take them through multiple jurisdictions may be subject to inconsistent treatment at the hands of various local agencies and, in some instances, must deal with permit forms that they consider indecipherable. Permittees also contend that some local jurisdictions continue to charge permit fees in excess of [those] levied by Caltrans or add surcharges to the permit fee that serve to vastly increase the cost of the permit.
 "This bill seeks to eliminate these problems by standardizing permit forms among all permitting agencies and strengthening the statutory provisions which peg permit fees to the cost of issuing the permit. . . .
 ". . . The California Trucking Association asserts that local governments charge excessive permit fee surcharges for administration time, staff time, facsimiles, etc., raising the total cost of the permit well beyond what is otherwise allowed under existing law. They believe that, in many cases, the fees are as much as three times the actual cost of the permit. They also believe that the development of a standard permit form will create uniformity between the permitting practices of Caltrans and local governments." (Assem. Com. on Transportation, Rep. on Assem. Bill No. 2027 (1995-1996 Reg. Sess.) as introduced Jan. 10, 1996), p. 2.)
The Legislature's stated goals of achieving cost containment and relative uniformity of permit fees charged by local authorities are met by allowing cities and counties to collect a permit fee (1) that does not exceed the fee amount charged by the Department and (2) does not exceed their estimated total administration costs, while allowing them to charge for the performance of necessary special services directly related to an unusually large or heavy load on a case by case basis.
We conclude that a city or county may not assess a fee in an amount that exceeds the fee amount charged by the Department for the issuance of a permit authorizing the movement of a vehicle or load of a size or weight exceeding the maximum specified in the Vehicle Code; however, a city or county may assess a separate charge for the performance of special services necessitated by an unusually large or heavy load.
[1] All references hereafter to the Vehicle Code are by section number only.
[2] "Local authorities" are defined as "the legislative body of every county or municipality having authority to adopt local police regulations." (§ 385.)
[3] The Department and a local authority may coordinate their permit issuance procedures under the terms of section 35791:
 "The Department of Transportation and any local authority may, with respect to such highways as may be agreed upon under their respective jurisdictions which traverse any area within the boundaries of the local authority, contract for the issuance by either authority of a single permit authorizing the operation or movement of a vehicle or a combination of vehicles or special mobile equipment in the same manner as if each authority had issued separate permits pursuant to Section 35780."
[4] It is unlawful to violate any terms or conditions of a special permit; such violation is punishable "by a fine not exceeding five hundred dollars ($500) or by imprisonment in the county jail for a period not exceeding six months, or by both that fine and imprisonment." (§ 35784, subd. (f)(1).) The operation of a vehicle without a permit where one is required is also punishable by a fine, imprisonment, or both. (§ 35784.5.)