BILL LOCKYER Attorney General DANIEL G. STONE Deputy Attorney General
THE STATE ALLOCATION BOARD has requested an opinion on the following question:
May a school district, without advertising for bids, contract with another public agency to acquire factory-built modular building components for installation on a permanent foundation?
 CONCLUSION
A school district may not, without advertising for bids, contract with another public agency to acquire factory-built modular building components for installation on a permanent foundation.
 ANALYSIS
Under the Local Agency Public Construction Act (Pub. Contract Code, §§ 20100-20920),[1] counties, cities, school districts, and other local public agencies may enter into contracts with private parties for the construction of local projects. A central requirement of this statutory scheme is that, once the local agency has provided contract specifications for a given project, the contract must be awarded to the lowest responsible bidder. The question presented for resolution is whether a school district may avoid advertising for bids by contracting with another public agency to acquire factory-built modular building components for installation on a permanent foundation. We conclude that it may not do so.
Preliminarily, we note that a school district is generally required to award its contracts for a "public project" to the lowest responsible bidder. Subdivision (b) of section 20111 provides:
 "The governing board shall let any contract for a public project, as defined in subdivision (c) of Section 22002, involving an expenditure of fifteen thousand dollars ($15,000) or more, to the lowest responsible bidder who shall give security as the board requires, or else reject all bids. All bids for construction work shall be presented under sealed cover. . . ."
Section 22002, subdivision (c), defines a "public project" as follows:
"`Public project' means any of the following:
 "(1) Construction, reconstruction, erection, alteration, renovation, improvement, demolition, and repair work involving any publicly owned, leased, or operated facility.
 "(2) Painting or repainting of any publicly owned, leased, or operated facility.
 "(3) In the case of a publicly owned utility system, `public project' shall include only the construction, erection, improvement, or repair of dams, reservoirs, powerplants, and electrical transmission lines of 230,000 volts and higher."
And the term "facility" is defined in section 22002, subdivision (e), as follows:
 "For purposes of this chapter, `facility' means any plant, building, structure, ground facility, utility system, subject to the limitation found in paragraph (3) of subdivision (c), real property, streets and highways, or other public work improvement."
Section 20113 contains special provisions respecting emergency repairs, sections 20114 and 20115 allow for the rendering of certain services by day labor or force account, and section 20116 prohibits school districts from "splitting" work orders to avoid the cost threshold for mandatory competitive bidding. (See 84 Ops.Cal.Atty.Gen. 5, 6-9 (2000).)
Accordingly, as a general rule, a school district intending to contract for the construction, reconstruction, renovation, improvement, or repair of any school building, where the work will require an expenditure of $15,000 or more, must follow a competitive bidding process.
The focus of our opinion, however, is upon the terms of section 20118, providing a limited exception to the competitive bidding requirements for certain "personal property." Section 20118 states:
 "Notwithstanding Sections 20111 and 20112, the governing board of any school district without advertising for bids, if the board has determined it to be in the best interests of the district, may authorize by contract, lease, requisition, or purchase order, any public corporation or agency, including any county, city, town, or district, to lease data-processing equipment, purchase materials, supplies, equipment, automotive vehicles, tractors, and other personal property for the district in the manner in which the public corporation or agency is authorized by law to make the leases or purchases. Upon receipt of any such personal property, provided the property complies with the specifications set forth in the contract, lease, requisition, or purchase order, the schooldistrict may draw a warrant in favor of the public corporation or agency for the amount of the approved invoice, including the reasonable costs to the public corporation or agency for furnishing the services incidental to the lease or purchase of the personal property."[2]
Section 20118 thus permits a school district, without advertising for bids, to enter into a contract with another public agency under the specified circumstances, thereby "piggybacking" its order for personal property on an existing order placed by the other agency. In addition, the other agency may charge the school district for "services incidental" to its acting, in essence, as the district's purchasing agent.[3]
We are informed that a school district is considering whether it may use the authorization contained in section 20118 to purchase modular structural components for the installation of classrooms and other school buildings and facilities, such as a cafeteria, gymnasium, and library, on permanent foundations. (See Ed. Code, § 17340.) Once these modular components have been attached at the building site, and after significant on-site finish work has been completed, they would result in permanent school buildings of varying dimensions, purposes, and architectural styles.[4]
In examining the language of section 20118, we follow well established rules of statutory construction. Here, the governing rule is known as ejusdem generis ("of the same kind, class, or nature"), which is illustrative of the more general legal maxim known as noscitur a sociis ("it is known from its associates"). (See Moore v. California State Bd. of Accountancy (1992)2 Cal.4th 999, 1011-1012; Dyna-Med, Inc. v. Fair Employment Housing Com. (1987) 43 Cal.3d 1379, 1391, fn. 14; TexasCommerce Bank v. Garamendi (1992) 11 Cal.App.4th 460, 471, fn. 3; Martin v. Holiday Inns, Inc. (1988) 199 Cal.App.3d 1434,1437; People v. Stout (1971) 18 Cal.App.3d 172, 177.) InHarris v. Capital Growth Investors XIV (1991) 52 Cal.3d 1142,1159-1160, the court explained this rule of construction as follows:
 "The principle of ejusdem generis holds that ` "where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated. [It] is based on the obvious reason that if the [writer] had intended the general words to be used in their unrestricted sense, [he or she] would not have mentioned the particular things or classes of things which would in that event become mere surplusage."' [Citations.]" (Fn. omitted)
The court further noted:
 "Ejusdem generis applies whether specific words follow general words in a statute or vice versa. In either event, the general term or category is `restricted to those things that are similar to those which are enumerated specifically.' [Citations.]" (Id. at p. 1160, fn. 7.)
In section 20118, the Legislature has indicated the types of "personal property" covered by the statute: "data-processing equipment, . . . materials, supplies, equipment, automotive vehicles, tractors." The phrase "other personalproperty" immediately following these particular items must be limited to the same classes of personal property under the rule of ejusdemgeneris. Plainly, building structures to be permanently affixed to land do not have the characteristics of the listed "personal property."[5]
In contrast to the language of section 20118, when the Legislature has authorized the construction of school buildings and other structures and facilities upon permanent foundations, it has employed different language in delegating such authority. (See, e.g., § 20111, subd. (b) ["construction work"]; § 20114, subd. (a) [governing board may "erect new buildings"]; § 20115 ["any plant, building, structure, ground facility, utility system, or real property"]; § 20118.4 [permitting change orders "for reconstruction or rehabilitation work other than for the construction of new buildings or other new structures . . ."]; § 20118.4 ["construction of new buildings or other new structures . . ."] § 22001 ["construction work"]; § 22002, subd. (b) ["public works construction"]; § 22002, subd. (c)(1) ["Construction, reconstruction, erection, alteration, renovation, improvement, demolition, and repair work involving any publicly owned, leased, or operated facility"]; § 22002, subd. (e) ["any plant, building, structure, ground facility"]; and see, e.g., Ed. Code, §§ 17350-17360 ["factory-built school buildings"].)
If the Legislature had intended to extend the contracting option of section 20118 to construction contracts for school buildings on permanent foundations, we believe that the language of the statute would have referred to such construction projects in terms other than "lease data-processing equipment, purchase materials, supplies, equipment, automotive vehicles, tractors, and other personal property." Section 20118 makes no mention of buildings, structures, classrooms, facilities, or construction projects. "When the Legislature uses materially different language in statutory provisions addressing the same subject or related subjects, the normal inference is that the Legislature intended a difference in meaning. [Citation.]" (People v.Trevino (2001) 28 Cal.4th 237, 242.)
We therefore conclude that a school district may not, without advertising for bids, contract with another public agency to acquire factory-built modular building components for installation on a permanent foundation.
[1] Hereafter, all references to the Public Contract Code are by section number only.
[2] Sections 20111 and 20112 set forth the competitive bidding process to be followed by school districts. (See, e.g., 84 Ops.Cal.Atty.Gen. supra, at pp. 6-7; 18 Ops.Cal.Atty.Gen. 1, 2-3 (1951); 8 Ops.Cal.Atty.Gen. 226, 226-228 (1946).)
[3] By its terms, section 20118 applies only to a school district's contracts with, and payments to, another "public corporation or agency" to lease or purchase personal property "for the district" where the other entity "is authorized by law to make the leases or purchases." The statute provides no
authority for a school district contract directly with a lessor or vendor.
[4] Because of their permanent foundations and immovability, the structures in question would be distinguishable from typical "portable" or "relocatable" single-classroom buildings. (SeeSteelgard, Inc. v. Jannsen (1985) 171 Cal.App.3d 79, 89-90; see also Ed. Code, §§ 17085-17095.) The procedures to be followed in acquiring the latter units and placing them on school property are beyond the scope of this opinion.
[5] Indeed, once the structures are affixed to permanent foundations, they constitute real property, not personal property. (See, e.g., Civ. Code, §§ 657, 658, 660; EscondidoUnion School Dist. v. Casa Suenos De Oro, Inc. (2005)129 Cal.App.4th 944, 965-966.)